## CIRCUIT COURT OF LOUDOUN COUNTY

Michael D. Konopa et al.

v.

Loudoun County

November 2, 1989

Case No. (Chancery) 12153

By JUDGE THOMAS D. HORNE

This case came to be heard on the Bill for Declaratory Judgment and the defendant County's Motion to Dismiss filed in response to the Bill. The Court finds that the complainants are barred from bringing the instant action as a result of their failure to timely appeal the decision of the Zoning Administrator to the Board of Zoning Appeals pursuant to the provisions of § 46.1-496.1, Code of Virginia, 1950, as amended. Accordingly, the bill will be dismissed.

In this action, the complainants seek to have this Court declare that certain property owned by the complainant consists of twelve separate and distinct lots in accordance with Plat of Partition recorded among the land records of this Court in 1848. On January 13, 1989, an application was filed with the Loudoun County Department of Planning, Zoning, and Community Development for a boundary line adjustment for the subject parcel pursuant to the provisions of § 1243.02 of the Subdivision Regulations of Loudoun County. As part of the review process, the Zoning Administrator determined, *inter alia*, that the lots were not lots of record and therefore could not be the subject of a boundary line adjustment.

A "record lot" under Article 10 "Definitions" provisions of the Zoning Ordinance of Loudoun County is defined as:

> the land designated as a separate and distinct parcel of land on a legally recorded subdivision plat filed among the land records of Loudoun County but does not include land identified on any such plat as an outlot.

Pursuant to the provisions of § 15.1-496.1, Code of Virginia, 1950, as amended:

> An appeal to the board (Board of Zoning Appeals) may be taken by any person aggrieved . . . by any decision of the zoning administrator . . . in the administration or enforcement of this article or any ordinance adopted pursuant thereto.

Appeals from determinations by the Zoning Administrator are likewise provided for by § 1102.1.1 of Article 11 of the Zoning Ordinance of Loudoun County. The instant case involves the application of the zoning and subdivision ordinances to the instant parcel. It is not an action by private parties over the status of the title to the property. *Cf. Leake v. Casati*, 234 Va. 646 (1988).

Failure to exhaust administrative remedies is fatal to further consideration by this Court of claims for which such a remedy is available. This may include issues which are solely a matter of law. *Phillips v. Telum, Inc.*, 223 Va. 585 (1982). Accordingly, complainant's failure to exhaust their administrative remedies requires dismissal of the instant action.